Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHITAL R. GANDHI,<br><br>Plaintiff,<br><br>vs.<br><br>J.A. CAMBECE LAW OFFICE, P.C.; CACH, LLC and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><u>**COMPLAINT**</u> |

Plaintiff, Shital R. Gandhi, by way of Complaint against Defendants, J.A. Cambece Law Office, P.C.; CACH, LLC and John Does 1 to 10 says:

### I.  NATURE OF THE ACTION

1. This action for damages arises from the collection agency's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. As described more fully below, Defendants violated the FDCPA by sending a debt collection letter to Plaintiff which unlawfully exposed sensitive and personal financial information to the public, and which falsely represents that an attorney independently reviewed, evaluated, and exercised professional judgment regarding the accuracy and the merits of the underlying debt.

### II.  JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and

28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly does business in this district and has caused harm in this district.

### III. PARTIES

5. Plaintiff, Shital R. Gandhi ("Plaintiff" or "Gandhi"), is a natural person residing in Clifton, New Jersey in Passaic County.

6. Defendant, J.A. Cambece Law Office, P.C. ("J.A. Cambece") is a foreign professional corporation with an office 200 Cummings Center, Suite 173-D, Beverly, Massachusetts 01915.

7. CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 4340 S. Monaco Street, 2nd Floor, Denver, Colorado 80237.

8. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

9. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV. FACTS

10. J.A. Cambece is a professional corporation engaged in the practice of law.

11. CACH is a limited liability company engaged in the collection business.

12. CACH purchases past-due consumer accounts for pennies on the dollar, which then attempts to collect those accounts through other collection agencies or debt collectors.

13. CACH is a debt buyer.

14. Defendants are not in the business of extending credit, selling goods or services to consumers.

15. Defendants regularly collects or attempts to collect debts.

16. Defendants regularly collects or attempts to collect defaulted debts.

17. Defendants regularly collects or attempts to collect debts allegedly owed to others.

18. Defendants regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

19. Defendants are in the business of collecting defaulted debts or alleged debts of natural persons.

20. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce

21. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

22. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

23. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from Bank of America, N.A. ("Debt" or "Account").

24. The Debt is alleged to arise from one or more transactions.

25. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

26. The Account is past-due.

27. Defendants contend that the Account is in default.

28. The Account was past-due or in default when it was purchased by CACH.

29. The Account was purchased by CACH for pennies on the dollar.

30. CACH then assigned or placed the Account with J.A. Cambece for collection.

31. The Account was assigned to J.A. Cambece for the purpose of collecting the Debt.

32. The Account was past-due or in default when it was placed with or assigned to J.A.

Cambece for collection.

33. At all times relevant hereto, J.A. Cambece acted on behalf of CACH in an attempt to collect the Debt.

34. At all times relevant hereto, the acts and omissions of J.A. Cambece were incidental to or taken within the scope of the responsibilities given and authorized by CACH.

### V. UNLAWFUL EXPOSURE OF CONFIDENTIAL FINANCIAL INFORMATION

35. In an attempt to collect the Debt, J.A. Cambece mailed a collection letter to Plaintiff on or about February 4, 2014.

36. The letter was mailed on behalf of CACH by J.A. Cambece in an attempt to collect the Debt.

37. A true copy of the letter, but with redactions, is attached as Exhibit A.

38. The letter was mailed in a window envelope.

39. Being sent in a window envelope, Plaintiff's financial account number associated with the Debt was unlawfully exposed through the window envelope.

40. Being sent in a window envelope, the barcode containing Plaintiff's financial account number associated with the Debt was unlawfully exposed through the window envelope.

41. By unlawfully exposing sensitive financial information through the window envelope, when mailing written collection communications in connection with the collection of the Debt, Defendants violated the FDCPA because Defendants used any language or symbol on any envelope when communicating with a consumer by mail.

### VI. LACK OF ATTORNEY INVOLVEMENT

42. Plaintiff received and reviewed the letter which bears the law firm letterhead: "J.A. Cambece Law Office, P.C."

43. The letter does not bear any names.

44. The letter bears a Massachusetts address.

45. The letter is unsigned and does not identify the writer or sender of the letter.

46. The letter was the first letter or writing J.A. Cambece sent to Plaintiff in an attempt to collect the Debt on behalf of CACH.

47. The letter was an initial written communication with Plaintiff concerning the Debt.

48. The letter was prepared and sent by a person or persons who are not attorneys.

49. The letter was approved to be sent to Plaintiff by a person or persons who are not attorneys.

50. In fact, the letter states: "At this time, an attorney with this firm may not have personally reviewed the particular circumstances of your account."

51. J.A. Cambece never files suit on behalf of its clients in the Superior Court of New Jersey.

52. J.A. Cambece never files suit on behalf of CACH in the Superior Court of New Jersey.

53. J.A. Cambece maintains a procedure where only non-attorneys systematically review and input information in collection letters prior to sending the collection letters.

54. No attorneys independently reviewed or evaluated or exercised professional judgment regarding the accuracy and the merits of the Account prior to sending the letter.

55. J.A. Cambece permitted its non-attorney staff to send the letter which no attorney had personally reviewed under the professional standards required by New Jersey lawyers.

56. By sending the letter on law firm letterhead, J.A. Cambece represented to Plaintiff that an attorney had independently reviewed, evaluated and exercised professional judgment regarding the accuracy and merits of the Account.

57. By sending the letter on law firm letterhead, J.A. Cambece represented to Plaintiff that

Plaintiff is a candidate for legal action.

58. It is the policy and practice of J.A. Cambece to send written collection communications, in the form attached as Exhibit A, in an attempt to collect alleged consumer debts, without meaningful attorney involvement; which is a violation of the FDCPA because it a false, deceptive, misleading representation and an unfair and unconscionable means of collection.

### VII. VIOLATIONS OF THE FDCPA

59. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

60. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

61. The debt owed or allegedly owed by Plaintiff is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

62. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

63. The letter, copy of which appear as Exhibits A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

64. The letter was sent by J.A. Cambece on behalf of CACH to Plaintiff in an attempt to collect the Debt.

65. Defendants use of the written communication in the form attached as Exhibit A violated the FDCPA in one or more of the following ways:

    a. Defendants used false, deceptive, and misleading representation and/or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

    b. Defendants falsely represented the character, amount or legal status of the alleged debt owed by Plaintiff, in violation of 15 U.S.C. §1692e(2)(A);

    c. Defendants falsely represented and/or falsely implied that the letter sent to

Plaintiff were from an attorney, when no attorney reviewed the letter, in violation of 15 U.S.C. § 1692e(3);

d. Defendants used false representation and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

e. Defendants used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

f. Defendants used any language or symbol, other than debt collector's address, on the envelope when communicating with a consumer by use of the mails, in violation of 15 U.S.C. § 1692f(8).

66. The violations of the FDCPA described herein constitute *per se* violations.

67. Based on any one of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

68. **WHEREFORE**, Plaintiff, Shital R. Gandhi, demands judgment against Defendants, J.A. Cambece Law Office, P.C.; CACH, LLC and John Does 1 to 10 as follows:

A. Damages in favor of Plaintiff;

B. Attorney's fees, litigation expenses, and costs; and

C. For such other and further relief as this Court deems just and proper.

### VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

### IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any

pending arbitration or administrative proceeding.

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, NJ 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

Dated: January 30, 2015